UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: David E. Layton,** | : | Chapter 13 |
| | : | |
| **Debtor** | : | Bky. No. 19-14632 PMM |

# O R D E R

**AND NOW**, upon consideration of the Chapter 13 Trustee's Motion to Dismiss with Prejudice (doc. no. 26, the "Motion"):

**AND** a hearing having been held on the Motion on August 6, 2020;

**AND** the Debtor having entered into a Consent Order with the Chapter 13 Trustee on October 10, 2019, agreeing that if this bankruptcy case were dismissed it would be with a two (2) year bar from filing an individual or joint bankruptcy case. Doc. no. 20;

It is hereby **ORDERED** that:

1. This bankruptcy case is **DISMISSED**.

2. The Debtor is **PROHIBITED** from filing another bankruptcy case without first filing a **MOTION** docketed in this bankruptcy case **REQUESTING LEAVE OF COURT** to file and **RECEIVING PERMISSION** from the court to file the new case.

3. In the event that the Debtor attempts to file a bankruptcy case in violation of this order, **THE CLERK IS INSTRUCTED NOT TO DOCKET THE BANKRUPTCY PETITION**, but instead to deliver the papers immediately to the assigned bankruptcy judge for appropriate action.

4. The prohibition set forth in Paragraph 2 shall **EXPIRE** on **August 7, 2022**.

5. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the

possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

6. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within fourteen (14) days of the entry of this Order.

7. The Court shall retain jurisdiction to determine timely filed applications for allowance of administrative expenses, including counsel Michael D. Hess's pending Application for Compensation (doc. no. 31), as well as any additional applications filed within the deadline provided in Paragraph 6.

8. **Promptly after the expiration of the response period for any application authorized by Paragraph 4 above, Counsel for the Debtor shall file either**:

    (a) a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed; or

    (b) a Certification that an objection or an application has been filed (after which the Clerk shall schedule a hearing on all such applications).

9. If no Certification, as required above in Paragraph 5 has been entered on the docket within sixty-three (63) days of the entry of this Order, then the Standing Trustee shall: (a) if any applications for administrative expenses other than Debtor(s)' Counsel's have been filed, request a hearing thereon or (b) if no such applications have been filed, return the undistributed chapter 13 plan payments in his possession to Debtor(s) pursuant to 11 U.S.C.

§1326(a)(2).

Date: <u>**August 7, 2020**</u>

_Patricia M. Mayer_
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**